**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BERNADETTE TAYLOR LOCKETT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Civil Action No. 26-2267 (JEB)** |

**MEMORANDUM OPINION**

May a parent succeed on a tort action to recover for the alleged invasion of her adult child's privacy? Plaintiff Bernadette Taylor Lockett thinks so and thus brings this *pro se* action against the Government under the Federal Tort Claims Act for invasion of privacy and negligent supervision. She alleges that former Ambassador Carlos Trujillo, while acting within the scope of his employment with the United States Department of State, published a document containing sensitive information about her daughter. Defendant now moves to dismiss, contending that the Court lacks jurisdiction over this matter and that, in any event, Plaintiff fails to state a claim. Because an invasion-of-privacy claim belongs only to the individual whose privacy was allegedly invaded, and because Plaintiff does not allege the kind of knowledge required for a negligent-supervision claim, the Court will grant the Motion.

## I. Background

The Court draws the following facts — which it construes in the light most favorable to Plaintiff — from the Complaint and judicially noticeable resources. See Naz v. Wright, 177 F.4th 1242, 1244 (D.C. Cir. 2026). These include public records, such as official government

documents. See, e.g., Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (government records); Pharm. Rsch. & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs., 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (information posted on government websites). The Court also treats Plaintiff's complaints and correspondence with the Government as part of the pleadings. See ECF Nos. 11-5 (2021 Claim); 8-3 (2021 Response); 11-6 (2024 Claim); 11-7 (2024 Response); 11-8 (Documentation Mail Receipt); 11-9 (Intent to File Claim). Such documents are referred to in the Complaint, see ECF No. 1 (Compl.), ¶¶ 22–25, and are "integral" to Plaintiff's suit. See Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133–34 (D.C. Cir. 2015) (citation omitted).

In August 2019, Carlos Trujillo, then-U.S. Ambassador to the Organization of American States, posted a letter identifying by name Plaintiff's daughter, who is an alleged sexual-assault victim. See Compl., ¶¶ 16–18. The letter was addressed to the Inter-American Commission on Human Rights regarding a petition before that body involving Plaintiff's daughter. See ECF No. 11-2 (Letter). Lockett contends that the Department of State posted the letter online. See Compl., ¶ 16. At that time, Plaintiff's daughter was already an adult. See ECF Nos. 8 (Mot.) at 1; 11 (Opp.) at 1, 3, 11. Although the letter itself contained scant private information concerning the daughter — it only directed the IACHR to "require updated information from" and "seek to hear directly from [Plaintiff's daughter]," Letter at 2 — Plaintiff contends that "the public document linked the child's identity to an IACHR case concerning allegations of sexual assault" because the letter's subject line contained the IACHR petition number. See Opp. at 12; Compl, ¶ 19.

On September 18, 2020, Lockett discovered the letter's online publication and called the Government to request that it be taken down. See Compl., ¶ 21. On August 27, 2021, she then

filed a claim for damages or injury with Defendant, as required by the FTCA. See Opp. at 4; 28 U.S.C. § 2675(a); 2021 Claim. The claim alleged that "Carlos Trujillo former Ambassador of the U.S. to the OAS authorized a letter on 8/26/2019 in which he named a child rape victim, revealed the state in which she resides, and identified by name her maternal siblings." 2021 Claim at ECF p. 1. Lockett described her injury as not "fully known" because "the document remains public," suggesting that the harm is ongoing. Id. She contended that "Trujillo's intentional infliction of emotional distress was outrageous, reckless, criminal and intended to inflict emotional and psychological harm." Id. On November 16, 2021, the Government responded, objecting to the sufficiency of Plaintiff's description of her injury and requesting that she provide "any and all documentation" to "support the merits of [her] claim." 2021 Response at 1. Lockett asserts that she never received that correspondence. See Opp. at 4.

On January 18, 2024, Plaintiff filed another claim. Id.; 2024 Claim. This one maintained that "[t]he extent [of the injury] isn't fully known as the document remains public," but it alleges that Trujillo intentionally inflicted emotional distress. See 2024 Claim at ECF p. 1. Defendant again objected to the adequacy of Lockett's description. See Compl., ¶ 24; 2024 Response at ECF pp. 1–2. This time around, Plaintiff received that response. Id. Dated March 6, 2024, the response acknowledged that "[t]his appears to be the second claim . . . regarding this matter" and requested documentation "to support the merits" of Lockett's claim. See 2024 Response at ECF p. 1. Plaintiff obliged, providing the Government with medical documents supporting her assertions of "experiencing 'increased stress' that ultimately required being medicated." Compl., ¶ 25. Not having heard from the Government, in September 2025, Lockett gave notice of her intent to file a suit. See Opp. at 5; Intent to File Claim at 1–2. Nine months later, she brought the current action, which asserts two counts under the FTCA: (1) invasion of privacy and (2)

negligent supervision and retention. See Compl., ¶¶ 30–41. The Government now moves to dismiss, contending that Lockett failed to exhaust administrative remedies under the FTCA and that, in any event, both counts are deficient as a matter of law. See Mot. at 4–12.

## II. Legal Standard

The Government's Motion invokes the legal standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Id. at 1. When a defendant files a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear her claims. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of the Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion [also] imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (cleaned up). In policing its jurisdictional borders, the court must scrutinize the complaint and treat its factual allegations as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). The court need not rely "on the complaint standing alone," however, but may also look to undisputed facts in the record or resolve disputed ones. See Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

Rule 12(b)(6), conversely, provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." Animal Legal Def. Fund, Inc. v. Vilsack, 111 F.4th 1219, 1223 (D.C. Cir. 2024) (citation omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). *Pro se* litigants are given more leeway, as the court must consider and accept as true the allegations in both their complaint and opposition to a motion to dismiss. See Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d. 146, 152 (D.C. Cir. 2015).

## III. Analysis

The Court begins with the threshold question of exhaustion and then moves on to Defendant's merits-based assertions.

### A. Exhaustion

The Government first contends that Lockett never exhausted her required administrative remedies before bringing her FTCA suit because she did not provide it with notice of the nature of her injuries and failed to respond to its request for additional information. See Mot. at 5. Plaintiffs asserting claims under the FTCA must indeed satisfy administrative-exhaustion requirements by "present[ing] the claim to the appropriate Federal agency." 28 U.S.C.

§ 2675(a). Claimants are required to file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987). This exhaustion requirement "is a jurisdictional prerequisite; and the Court lacks subject[-]matter jurisdiction over common law tort claims against the United States for which a plaintiff has not exhausted [her] administrative remedies." Hayes v. United States, 539 F. Supp. 2d 393, 398–99 (D.D.C. 2008) (citing, *inter alia*, Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997)).

Although Lockett's 2021 claim asserted that "Trujillo's intentional infliction of emotional distress was outrageous, reckless, criminal and intended to inflict emotional and psychological harm," she conceded that the nature of her injuries was not "fully known." 2021 Claim at 1. Such a barebones complaint standing alone is not sufficient to provide notice about the nature of Plaintiff's injuries. See, e.g., Goziker v. U.S. Dep't of Just., 2025 WL 2220025, at *6 (D.D.C. Aug. 5, 2025) ("By failing to specify the precise nature of the alleged injury, Plaintiff did not provide sufficient notice of the claim to enable the agency to investigate and ascertain the strength of the claim.") (quoting GAF Corp., 818 F.2d at 919) (cleaned up); cf. 2021 Response at 1 (requesting "specific documentation" and "documentation" in support of Plaintiff's claim).

Lockett's 2024 claim and subsequent supporting documentation, however, cure the presentment deficiencies and sufficiently describe her claimed injuries. See 2024 Claim; Opp. at 4–5 ("Plaintiff responded [to the Government] with medical documentation supporting increased stress that ultimately required medication.") (citing Documentation Mail Receipt). Defendant concedes as much. See Mot. at 7 (acknowledging that Lockett "submitt[ed] subsequent demands that otherwise complied with the FTCA's presentment requirement").

The Government contends that because Plaintiff's 2024 claim and subsequent

supplemental documentation were not "presented in writing to the appropriate Federal agency within two years after such claim accrue[d]," 28 U.S.C. § 2401(b), the Court should deem them time-barred and consider only "whether Plaintiff's first FTCA demand satisfied the [presentment] requirements." ECF No. 12 (Reply) at 5 (emphasis added); see also Mot. at 5–7. Lockett counters that because she never received the Government's 2021 response noting the inadequacy of her presentment and requesting that she provide more specific information, she was unaware of any deficiencies in her presentment. See Opp. at 8–9. She thus invokes the doctrine of equitable tolling to save her suit. Id.

As a preliminary matter, nothing in the FTCA precludes reliance on that doctrine. United States v. Wong, 575 U.S. 402, 411 (2015) (holding that FTCA's statute of limitations "does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers"). And because the statute of limitations is set by federal statute, the federal common law of equitable tolling applies. Cf. Arellano v. McDonough, 598 U.S. 1, 6 (2023).

Under federal law, "[t]o show that equitable tolling is warranted, a plaintiff must demonstrate '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way.'" Gable v. United States, 319 F. Supp. 3d 37, 43 (D.D.C. 2018) (quoting Pace v. DiGugliemlo, 544 U.S. 408, 418 (2005)). Both prongs must be met. See, e.g., Vuyyuru v. Bank of N. Am., Inc., 2022 WL 1124800, at *5 (D.D.C. Apr. 14, 2022), aff'd sub nom. Vuyyuru v. LSF9 Master Participation Tr., Inc., 2023 WL 2905258 (D.C. Cir. Apr. 10, 2023). Equitable tolling is appropriate where, as here, "the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period," Norman v. United States, 467 F.3d 773, 776 (D.C. Cir. 2006) (quoting Irwin v. Dep't of Vet.

Affairs, 498 U.S. 89, 96 (1990)), and "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of her claim." Id. (quoting Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998)). In applying these principles, moreover, the Court is mindful of the special solicitude it must exercise when construing the pleadings of *pro se* plaintiffs like Lockett. See Yellen v. U.S. Bank, Nat'l Ass'n, 301 F. Supp. 3d 43, 47 (D.D.C. 2018).

Drawing all reasonable inferences in Plaintiff's favor, the Court infers that she did not receive Defendant's response letter, which would have prompted her to provide supplemental documentation. See Opp. at 8–9. Even if it seems logical that Lockett should have reached out to the State Department during the years that passed between her first and second claims, see Reply at 5–6, what counts as sufficient diligence is "often fact-intensive" and requires that judges consider "in detail" all relevant circumstances. Nelson v. Blinken, 2024 WL 3985365, at *3 (D.D.C. Aug. 29, 2024) (quoting Holland v. Florida, 560 U.S. 631, 653–54 (2010)); see also Momenian v. Davidson, 878 F.3d 381, 387 (D.C. Cir. 2017) (holding that complaint may be dismissed as "conclusively time-barred" only if "a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency") (quotation marks and citation omitted). The Court will therefore deem the FTCA's presentment requirement satisfied and Lockett's exhaustion thus complete.

B. Merits

The FTCA allows those injured by federal employees to sue the United States for damages by "waiving the sovereign immunity of the federal government," Smith Thee v. U.S. Secret Service, 2025 WL 2959630, at *3 (D.D.C. Oct. 17, 2025), and granting federal district courts jurisdiction over "state-law torts committed by government employees within the scope of

their employment." Stoddard v. U.S. Parole Comm'n, 900 F. Supp. 2d 38, 41 (D.D.C. 2012) (quoting Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008)). Tort liability under the FTCA "is determined according to the law of the place where the alleged acts or omissions occurred — in this case, the District of Columbia." Harris v. U.S. Dep't of Vet. Affairs, 776 F.3d 907, 911 (D.C. Cir. 2015). The two torts at issue here are invasion of privacy and negligent supervision.

*1. Invasion of Privacy*

On this first count, Defendant maintains that Lockett's asserted invasion-of-privacy tort belongs not to herself but instead to the individual whose privacy interest was allegedly invaded. See Mot. at 9. The D.C. Court of Appeals "has relied on the Restatement[ ] (Second) [of Torts'] formulation of the law applicable to 'invasion of privacy' in determining the appropriate contours of a cause of action for invasion of that right." Kitt v. Capital Concerts, Inc., 742 A.2d 856, 859 (D.C. 1999) (alteration in original) (citation omitted). The Restatement, in turn, directs that "[e]xcept for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded." Restatement (Second) of Torts § 652I (1977). Under D.C. law, invasion-of-privacy claims must relate to statements "understood to be of and concerning the plaintiff" rather than a third party. See Kitt, 742 A.2d at 859 (emphasis added).

Here, conversely, Lockett brings this count on behalf of her daughter's privacy interest rather than her own. See, e.g., Compl., ¶¶ 16, 18, 19; Opp. at 13. Her daughter is no longer a minor and could assert these injuries in her own right. Plaintiff concedes as much, "agree[ing] with the general proposition that an invasion-of-privacy claim protects the person whose privacy interest is invaded." Opp. at 13. Yet she nevertheless contends that the principle "does not

require dismissal here because [she] alleges her own direct injuries." Id. More particularly, she alleges that she has suffered "increased stress" from the episode. See Compl., ¶ 25. That may well be true, and others may also feel injured by invasions of the privacy of loved ones. As just explained, however, those feelings are irrelevant unless their own privacy was invaded. As a result, Lockett is out of luck on this count.

*2. Negligent Supervision*

The tort of negligent supervision in the District of Columbia requires a plaintiff to plead that a person conducting activity through "servants or other agents" was "negligent or reckless" in "employ[ing] . . . persons . . . in work involving risk or harm to others" and in "supervis[ing]" such work. Tarpeh-Doe v. United States, 28 F.3d 120, 123 (D.C. Cir. 1994) (citing Murphy v. Army Distaff Found., Inc., 458 A.2d 61, 64 (D.C. 1983)).

As an initial matter, it is unclear whether one can state a claim for negligent supervision without some underlying tort committed by the servant. Even assuming that Plaintiff had plausibly alleged a privacy tort, she has not sufficiently pled, as D.C. law requires, that "an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with actual or constructive knowledge, failed to adequately supervise [or train] the employee." Spiller v. District of Columbia, 302 F. Supp. 3d 240, 254–55 (D.D.C. 2018) (alteration in original) (quoting Giles v. Shell Oil Corp., 487 A.2d 610, 612 (D.C. 1985)). Instead, Lockett merely speculates that "[t]he Department of State had a duty to exercise reasonable care in supervising and retaining employees," that Trujillo disclosed private information regarding her daughter, and that the Department "breached [its] duty by failing to properly supervise its employees and by retaining employees who it knew or should have known could cause the wrongful disclosure of private and sensitive information." Compl.,

¶¶ 39–40; see also Opp. at 16. Such allegations, pled without any facts to support the inference that State did in fact have actual or constructive knowledge at the time of the posting that Trujillo would cause the wrongful disclosure of private and sensitive information, are the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that are insufficient to plausibly indicate that the Government is liable. Iqbal, 556 U.S. at 678.

Because Plaintiff has not stated a claim for either count, her suit against Defendant must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 29, 2026